**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0116n.06

No. 11-4155

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 31, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHARLES R. OGLE; MELANIE A. OGLE, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA GAS TRANSMISSION, LLC; BETH R. | ) | |
| MINEAR; FREDRIC J. GEORGE; SCOTT | ) | |
| BURNSWORTH; REBEKAH HOVERMALE; | ) | |
| JASON G. MARTIN; KEITH HEDGES; FEDERAL | ) | |
| ENERGY REGULATORY COMMISSION; OFF | ) | |
| DUTY SERVICES, INC.; BRETT ROWLEY; | ) | |
| CAREY K. CARTER; RMR ENTERPRISES; | ) | |
| BOARD OF COMMISSIONERS OF HOCKING | ) | |
| COUNTY, OHIO; SHERIFF LANNY NORTH, | ) | ON APPEAL FROM THE |
| Hocking County, Ohio; KEVIN GROVES; ERIC | ) | UNITED STATES DISTRICT |
| MATHENY, Sergeant; BRIAN MCMANAWAY, | ) | COURT FOR THE SOUTHERN |
| SR.; TRENT WOODGEARD; CALEB MORITZ; | ) | DISTRICT OF OHIO |
| FARIN BARBER; JEREMY DYE; DUSTIN | ) | |
| GROVE; JERROD ALFORD; STERLING | ) | |
| DIETRICH; DEREK BOCH; ROSS COWGILL; | ) | |
| DUSTIN ROBISON; PATRICK DOWNS; PATRICK | ) | |
| ALLISON; JASON MILES; DUSTIN | ) | |
| WESSELHOEFT; JASON D'ONOFRIO; JERRY | ) | |
| MELLINGER; WALTER ALFORD; GREGORY | ) | |
| ACORD; BENJAMIN SKINNER; HOCKING | ) | |
| COUNTY SHERIFF'S OFFICE; CARLOS | ) | |
| MENDEZ; CHRIS R. RIDDLE; C&L ERECTORS | ) | |
| AND RIGGERS, INC.; JANE AND/OR JOHN | ) | |
| DOES 1-100, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: BOGGS and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Charles R. Ogle and his wife Melanie A. Ogle, Ohio residents proceeding *pro se*, appeal a district court judgment dismissing their amended complaint. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking damages and injunctive relief relating to the expansion of natural-gas facilities on their land, the Ogles filed a complaint and an amended complaint against the Federal Energy Regulatory Commission ("FERC"); Columbia Gas Transmission, LLC ("Columbia"); numerous agents of Columbia; the Board of Commissioners of Hocking County, Ohio; and various employees of the Hocking County Sheriff's Department (collectively with the County Commissioners, the "County Defendants").

The Ogles and Columbia agree that their relationship is grounded in a 1971 lease agreement (Lease) entered into between Columbia and the previous owners of the Ogles' property. Under the Lease, Columbia has the following rights:

> [A]ll the oil and gas in and under the lands hereinafter described, together with the exclusive right at all times to enter thereon and drill for, produce and market oil and gas, the right to store gas in all strata underlying said premises, the right to inject and remove gas regardless of the source thereof in and from all such strata, the right to conduct geophysical tests thereon, the right to possess, use and occupy so much of said premises as is necessary and convenient for the purposes herein specified, and the right to consolidate the lands herein described with other lands as hereinafter provided, for a primary term of twenty (20) years . . . and so much longer thereafter as oil or gas is produced from said premises, or so long as gas is being injected, held in storage or withdrawn by [Columbia] [.]

When the Ogles purchased the property in 1990, a natural-gas well and pipeline facilities had already been installed on the property.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In 2008, Columbia applied to FERC for permission to expand its natural-gas facilities, including the placement of a second natural-gas storage well and an access road on the Ogles' property. The Ogles intervened in the administrative proceedings to oppose Columbia's application. In March 2009, FERC granted Columbia's application over the Ogles' objections and awarded Columbia a Certificate of Public Convenience and Necessity ("the Certificate"). FERC denied the Ogles' subsequent motion for rehearing.

Thereafter, both Columbia and the Ogles filed declaratory-judgment actions in Ohio state court. Columbia sought to protect its right to "gain access to, maintain and operate its natural gas storage well" on the Ogles' property, and the Ogles sought a declaration that certain annual rent provisions of the lease were unconscionable. At some point, however, the Ogles decided to dismiss their state-court declaratory-judgment action against Columbia. Ultimately, the state trial court determined that the Lease granted Columbia the right to enter upon the Ogles' property to maintain and operate its existing well and to install additional wells, and the Ogles appealed. That appeal remained pending at the time the district court entered its decision in this case.

The district court dismissed the Ogles' amended complaint, finding that it lacked jurisdiction over the Ogles' claims against FERC; that the Ogles' federal claims against Columbia and Columbia's agents under the Natural Gas Act, 15 U.S.C. § 717f(h), were barred by *res judicata*; and that the Ogles' claims against the County Defendants failed to state a claim upon which relief could be granted. The district court clarified, however, that it was dismissing the Ogles' supplemental state law claims against Columbia for breach of contract and unconscionability without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). This appeal followed.

Subsequent to the filing of this appeal, the Ohio Court of Appeals reversed the trial court judgment adjudicating Columbia's rights under the 1971 lease and remanded the matter to the trial court for further proceedings. *Columbia Gas Transmission, LLC v. Ogle*, No. 10CA11, 2012 WL 1108375 (Ohio Ct. App., Mar. 21, 2012).

We review *de novo* a district court's dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). We also review *de novo* determinations that were made under the doctrine of *res judicata*. *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002). For the reasons articulated below, we affirm in part and vacate and remand in part.

The district court properly dismissed the Ogles' claims against FERC under Rule 12(b)(1) for lack of subject-matter jurisdiction. The Ogles' claims against FERC arise out of FERC's issuance of the Certificate to Columbia. This court has explained that the Natural Gas Act "sets forth a highly reticulated procedure for . . . challenging[] a FERC certificate[.]" *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010). That procedure vests exclusive jurisdiction to review a FERC certificate in the appropriate court of appeals. *Id*. "Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court." *Id*. Because the district court was without jurisdiction to review FERC's issuance of the Certificate to Columbia, it properly dismissed the Ogles' claims against FERC.

The district court also properly dismissed the Ogles' claims against the County Defendants under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. While *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation marks omitted). Under this "plausibility standard," the well-pleaded facts must permit more than the mere possibility of misconduct, they must show "that the pleader is entitled to relief." *Id*. A complaint that pleads facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

Because the Ogles' claims against the County Defendants are characterized by conclusory assertions, *e.g.*, that these defendants engaged in "outrageous" and "unlawful" behavior, that the "Sheriff and deputy [d]efendants committed aggravated trespass, aggravated menacing and menacing by stalking," and that these defendants "deprive[d] the Ogles of their [c]onstitutional rights of free speech and liberty from October 9, 2009 to December 21, 2009," they are insufficient to state a claim that is plausible on its face. *See id.*

Turning to the Ogles' claims against Columbia and Columbia's agents, we first address the motion of Riddle and C&L Erectors and Riggers, Inc., to dismiss the Ogles' appeal for failure to comply with Federal Rule of Appellate Procedure 28. *Pro se* parties must brief the issues advanced and reasonably comply with the standards of Rule 28. *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc). The Ogles sufficiently advance their arguments challenging the dismissal of their claims against Columbia and its agents to allow us to rule. Dismissal of the Ogles' appeal on that ground, therefore, is not appropriate.

As previously noted, the Ohio Court of Appeals recently reversed the trial-court judgment adjudicating Columbia's rights under the 1971 lease and remanded the matter to the trial court for further proceedings. Because the district court's dismissal of the Ogles' claims against Columbia and its agents was based on *res judicata* and there is currently no final adjudication in the state courts of the Ogles' claims, *see Montana v. United States*, 440 U.S. 147, 153 (1979), remand to the district court for further proceedings on these claims is appropriate.

Accordingly, we AFFIRM the district court's judgment as to the Ogles' claims against FERC and the County Defendants, and vacate and remand the district court's judgment as to the Ogles' claims against Columbia and Columbia's agents.